# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ELIZABETH BLACK**
        **Plaintiff,**

v.                               Case No. 04C1230

**LONG TERM DISABILITY INSURANCE,**
**MILWAUKEE WORLD FESTIVALS, INC.,**
**and STANDARD INSURANCE COMPANY,**
        **Defendants.**

---

## DECISION AND ORDER

### I. BACKGROUND

Plaintiff Elizabeth Black was the Executive Director of Milwaukee World Festivals, Inc. ("MWF") until August 2003. Subsequently, she filed a claim for long-term disability benefits under a group long-term disability program ("Plan") established by MWF. The de facto administrator of the Plan, Standard Insurance Company ("Standard"), denied plaintiff's claim, and plaintiff appealed. Standard denied her appeal, and plaintiff then commenced the present action.

Plaintiff brings the action under the Employee Retirement Income Security Act ("ERISA") and names as defendants the Plan, known as "Long Term Disability Insurance," MWF, the named "Plan Administrator," and Standard, which, pursuant to a contract with MWF, actually administered the plan, determining benefit eligibility and paying benefits. In count I of her complaint, pursuant to 29 U.S.C. § 1132(a)(1)(B), plaintiff alleges that defendants wrongfully denied benefits to her. In count II, pursuant to 29 U.S.C.

§ 1132(a)(3), plaintiff alleges that Standard breached its fiduciary duty to her and a class of claimants by failing to properly review their claims, and she seeks equitable relief.

The Plan answered count I of the complaint, and defendants now bring four motions: (1) to dismiss Standard as a defendant in connection with the count I claim on the ground that it is an improper party; (2) to dismiss the count II claim on the ground that § 1132(a)(1)(B) provides an exclusive remedy for the wrongs plaintiff alleges; (3) to strike allegations in the complaint relating to another insurance company, UnumProvident; and (4) to determine the appropriate standard of review in connection with count I.

## II. STANDARD AS PARTY TO COUNT I CLAIM

Defendants argue that Standard is not a proper party to plaintiff's § 1132(a)(1)(B) claim for benefits. They move to dismiss Standard as a party to such claim pursuant to Fed. R. Civ. P. 12(b)(6), under which I ask whether plaintiff could prove any set of facts entitling her to relief against Standard. G.E. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). I assume that plaintiff's allegations are true, and I take all inferences from the facts she alleges in the light most favorable to her. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). In addressing defendants' motion, I may consider the language of the Plan because plaintiff attached it to her complaint. See Witzke v. Femal, 376 F.3d 744, 749 (7th Cir. 2004).

In the Seventh Circuit, the general rule with respect to a § 1132(a)(1)(B) claim for benefits is that the only appropriate defendant is the Plan. Blickenstaff v. R.R. Donnelley & Sons Co., 378 F.3d 669, 674 (7th Cir. 2004) (citing Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n.4 (7th Cir. 2001) and Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996)). However, the court has never explained the basis for the rule, and

2

neither the language of § 1132(a)(1)(B) nor any other section of ERISA appears to require it. See Rivera v. Network Health Plan of Wis., Inc., 320 F. Supp. 2d 795, 798-99 (E.D. Wis. 2004) (stating that "ERISA contains no statutory language that limits the parties that may be sued . . . or prohibits suits against third-party insurers" (citations omitted)). Rivera also points out that Jass "on which most of the decisions in this circuit rely is itself weak support for the proposition that the plan is the only proper defendant." Id. at 798-99. Further, the rule appears to be inconsistent with ERISA's goal of protecting participants in employee benefit plans from those in charge of such plans. See generally, John M. Teske, Damage Suits Under ERISA: Why Third Parties with Discretion Over Benefit Plans Must be Held Accountable, 36 Loy. L.A. L. Rev. 1753 (2003). One reason this is so is that a judgment against a plan could easily turn out to be unenforceable. Rivera, 320 F. Supp. 2d at 798. In the present case, for example, while the Plan sponsor, MWF, and the Plan's actual administrator, Standard, have assets, the Plan itself appears not only to have no assets but to be no more than a piece of paper. Finally, the understandable efforts of plaintiffs to sue defendants other than plans have led to considerable unnecessary litigation. See generally, "Who Does a Plaintiff Sue for Benefits?", 7 No. 4 ERISA Litig. Rep., Oct. 1998.

Although the Seventh Circuit appears to permit ERISA plaintiffs to bring benefit claims against non-plan defendants where the plan and the employer are closely intertwined, see Riordan v. Commw. Edison Co., 128 F.3d 549, 551 (7th Cir. 1997), or where the plaintiff cannot readily identify the plan, see Rivera, 320 F. Supp. 2d at 798-800, these exceptions are narrow and inapplicable in the present case. Thus, while I urge the

3

Seventh Circuit to revisit the question of who is an appropriate defendant in a suit for benefits, I must dismiss Standard as a defendant in connection with plaintiff's count I claim.

### III. SUFFICIENCY OF COUNT II CLAIM

Pursuant to 29 U.S.C. § 1132(a)(3), plaintiff alleges in count II that Standard breached its fiduciary duty to her and the putative class by failing to fully and fairly review their claims, and she seeks equitable relief. She defines the class as:

> all persons who are or have been participants in an ERISA-governed long-term disability plan for which Standard acts as insurer and/or claims fiduciary or third-party administrator, and who submitted a claim for benefits at any time from January 1, 2002 to the present, which claim was denied and for which an appeal was submitted to Standard; however Standard maintained its denial.

(Compl. ¶ 20.)

Plaintiff alleges that, among other things, Standard: (1) violated ERISA regulations by permitting claim examiners who denied claims to decide the appeals of such denials; (2) violated ERISA and Plan terms by misclassifying plaintiff's and putative class members' occupations for the purpose of avoiding having to determine that they could not perform the duties of such occupations; (3) relied excessively on in-house medical professionals to review medical records instead of obtaining independent medical examinations; (4) unfairly construed the reports of attending physicians; (5) failed to evaluate the totality of claimants' medical conditions; and (6) failed to give appropriate weight to Social Security disability determinations. As relief, plaintiff seeks, among other things: (1) a declaratory judgment that Standard violated its fiduciary duties by failing to review claims fully, fairly and without bias; (2) an injunction barring Standard from committing further violations; and (3) "appropriate equitable relief including but not limited to an injunction ordering Standard

4

to pay benefits, interest, restitution and/or disgorge profits, and/or an injunction imposing a constructive trust and/or ordering disgorgement of unjust enrichment." (Id. at 14 ¶ E.)

Defendants move to dismiss plaintiff's claim on the ground that a § 1132(a)(1)(B) action for benefits "provides the exclusive remedy for plan participants who have been deprived of a 'full and fair' review of their claims." (Def.s' Mem. in Supp. of Mot. to Dismiss [R. 10] at 4.) I review this claim under the Rule 12(b)(6) standard and may dismiss it only if there is no set of facts under which plaintiff would be entitled to relief. G.E. Capital Corp., 128 F.3d at 1080. I assume that the facts plaintiff alleges are true, and I draw all reasonable inferences from such facts in the light most favorable to her. Bethlehem Steel Corp., 918 F.2d at 1326.

Section 1132(a)(1)(B) authorizes a plan participant or beneficiary to bring an action "to recover benefits due . . ., to enforce his rights under the terms of the plan, or to clarify his rights to future benefits." Section 1132(a)(3) authorizes a plan participant or beneficiary to bring an action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." In Varity Corp. v. Howe, the Supreme Court held that a plan participant or beneficiary could obtain relief under § 1132(a)(3), stating that the section was a "catchall" provision that acted "as a safety net offering appropriate relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." 516 U.S. 489, 512 (1998). In response to the defendant's argument that an ERISA plaintiff might attempt to repackage a denial of benefits claim as a breach of fiduciary duty claim, the Court indicated that it expected "that where Congress elsewhere provided adequate relief for a

5

beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515.

The Seventh Circuit has not yet addressed whether Varity Corp. eliminated the possibility of a plaintiff's successfully asserting claims under both § 1132(a)(1)(B) and § 1132(a)(3), and the circuits that have decided the question have reached different conclusions. The Second Circuit concluded that under Varity Corp., a plaintiff could prevail on both claims but that in such case equitable relief pursuant to § 1132(a)(3) would "normally" not be appropriate. Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001). The court stated that "ultimately, we believe that the determination of 'appropriate equitable relief'' rests with the district court should plaintiffs succeed on both claims . . . [and that] the district court's remedy is limited to such equitable relief as is considered appropriate." Id. at 89-90. Other circuits have construed Varity Corp. as meaning that a plaintiff could not prevail on a § 1132(a)(3) claim if she could avail herself of another § 1132 remedy. See, e.g., Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615 (6th Cir. 1998); Tolson v. Avondale Indus,, Inc., 141 F.3d 601, 610 (5th Cir. 1998); Forsyth v. Humana, Inc., 114 F.3d 1467, 1474-75 (9th Cir. 1997); Wald v. S.W. Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996).

I need not decide at this early stage of the present case whether plaintiff may prevail on both her claim for benefits and her breach of fiduciary duty claim. However, even assuming that an ERISA plaintiff may not prevail on a claim for benefits under § 1132(a)(1)(B) and a breach of fiduciary duty claim under § 1132(a)(3), a district court should generally not dismiss a § 1132(a)(3) claim as duplicative of a claim for benefits at

6

the motion to dismiss stage of a case, and I decline to do so in the present case. I reach this conclusion for several reasons.

First, at the pleading stage of a case, it will often be difficult to determine whether relief is available under § 1132(a)(1)(B). There may be some sets of facts that preclude a claim under § 1132(a)(1)(B) but that make out a § 1132(a)(3) claim under which plaintiff would be entitled to relief. See Geiger v. Unum Life Ins. Co. of Am., 213 F. Supp. 2d 813, 817-18 (N.D. Ohio 2002) (stating that if it became clear that plaintiffs were unable to avail themselves of § 1132(a)(1)(B), they had alleged a breach of fiduciary duty claim sufficient to proceed under the so-called "catch-all" provision). If, for example, a fiduciary denied a claim for benefits because of a personal animus toward the plaintiff or for some other improper reason but used a plausible interpretation to justify its action, the plaintiff should not be barred from bringing an action under § 1132(a)(3). Jeffrey Lewis & Dan Feinberg, "Varity Corp. v. Howe: The Plaintiff's Perspective," 5 No. 2 ERISA Litig. Rep. 3, 7, June 1996.

Further, in some cases a plaintiff might allege facts that support a claim under § 1132(a)(1)(B) and different facts (in whole or in part) that support a claim under § 1132(a)(3). See, e.g. Schultz v. Texaco, Inc., 127 F. Supp. 2d 443, 450-51 (S.D. N.Y. 2001) (stating that the amended complaint alleged a denial of benefits and, as a separate and distinct claim, that plaintiffs were employees as defined by ERISA possibly justifying an order requiring the employer to reclassify them). In Schultz, the court held that until the facts were more fully developed, it could not determine whether plaintiff's claim for benefits constituted "adequate relief" within the meaning of Varity Corp. and therefore declined to dismiss plaintiff's § 1132(a)(3) claim. Id. In the present case, plaintiff seeks benefits but

7

also alleges that Standard violated ERISA regulations and plan terms by engaging in a number of improper practices such as permitting claim examiners to decide appeals of their own decisions and misclassifying claimants' occupations, and she seeks injunctions barring such practices. Plaintiff could not pursue these allegations or obtain appropriate relief in the context of her claim for benefits. This is so both because of the limited nature of a claim for benefits and because Standard is no longer a party to that claim. Thus, if I dismissed her breach of fiduciary duty claim on a Rule 12(b)(6) motion, I would effectively deny her the opportunity to prove a possibly meritorious claim. As discussed below, such a result would be inconsistent both with Varity Corp. and with federal pleading rules.

Contrary to Standard's argument, Varity Corp does not hold that when an ERISA plaintiff alleges facts supporting both a § 1132(a)(1)(B) and a § 1132(a)(3) claim, a court must or should grant a defendant's Rule 12(b)(6) motion to dismiss the latter claim. Varity Corp. did not deal with pleading but rather with relief. 516 U.S. at 515 (stating that "where Congress elsewhere provided adequate relief for a beneficiary's injury . . . equitable relief . . . normally would not be 'appropriate'"). Further, to the extent that Varity Corp. indicates that duplicative relief is inappropriate, it uses the word "normally" not "never." Id. And, as discussed, a court is unlikely to be able to discern at the pleading stage of a case both whether the relief provided in § 1132(a)(1)(B) is "adequate" and whether the case is a "normal" one.

Further, nothing in Varity Corp. overrules federal pleading rules. And, under such rules, a plaintiff may plead claims hypothetically or alternatively. See Fed. R. Civ. P. 8(c) (stating that a plaintiff may "set forth two or more statements of a claim . . . alternatively or hypothetically, either in one count . . . or in separate counts"). To dismiss an ERISA

8

plaintiff's § 1132(a)(3) claim as duplicative at the pleading stage of a case would, in effect, require the plaintiff to elect a legal theory and would, therefore, violate Rule 8(c).

Finally, to interpret Varity Corp. as requiring a court to dismiss an ERISA plaintiff's breach of fiduciary duty claim prior to developing the facts of the case runs counter to one of the bases of the decision – the purposes of ERISA. 516 U.S. at 513 (stating that the statute seeks "to protect . . . the interests of participants . . . and beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries . . . and providing for appropriate remedies . . . and ready access to Federal courts") (quoting ERISA § 2(b)).

I am aware that a number of district courts have dismissed § 1132(a)(3) claims as duplicative of § 1132(a)(1)(B) claims on Rule 12(b)(6) motions. However, for the reasons stated above, I believe that courts are better advised to permit the parties to develop the record before addressing the issue of whether either or both claims are viable. See, e.g. Geiger, 213 F. Supp. 2d at 818 (stating that plaintiffs had alleged facts supporting claims under both sections and that question of which claim should proceed could not be resolved solely by reference to the face of the complaint); Schultz, 127 F. Supp. 2d at 451 (stating that where plaintiff alleged facts supporting both § 1132(a)(1)(B) and § 1132(a)(3) claims, court should wait until record was developed before determining which claims were viable); see also Edmond v. Unum Life Ins. Co. of Am., No. 1:03-CV-1316-CC, 2004 U.S. Dist. LEXIS 11861, at *8 (N.D. Ga. Jan. 16, 2004) (stating that at the pleading stage, plaintiff may simultaneously assert alternate claims for recovery of benefits under § 1132(a)(1)(B) and for breach of fiduciary duty under § 1132(a)(3)). In addition, the cases cited previously in which circuit courts rejected § 1132(a)(3) claims as duplicative, Tolson, Wilkins, Wald

9

and Forsyth, all involved decisions on summary judgment motions rather than motions to dismiss. Thus, I will deny Standard's motion to dismiss plaintiff's § 1132(a)(3) claim.[1]

## IV. MOTION TO STRIKE

Pursuant to Fed. R. Civ. P. 12(f), defendants move to strike the allegations in plaintiff's complaint pertaining to a settlement between UnumProvident Corporation and insurance regulators. Under Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." As a general rule, motions to strike are disfavored and infrequently granted. Stabilisierungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pt., Ltd., 647 F.2d 200, 201 & n.1 (D.C. Cir. 1981). In order to prevail on a motion to strike, a party must show that the allegations it challenges can have no possible bearing upon the subject matter of the litigation and will be prejudicial to it. Nwachu Kwu v. Karl, 216 F.R.D. 176, 178 (D.D.C. 2003). The decision to grant or deny a motion to strike is

---

[1] Additionally, I note that § 1132(a)(3)(A) allows a plaintiff to bring an action "to enjoin any act or practice which violates any provision of" subchapter I of ERISA or the terms of a plan. If, as plaintiff alleges, defendants engaged in acts or practices which violated ERISA and the terms of the plan, she may be entitled to obtain an injunction to prevent defendants from continuing to engage in such acts and practices even if plaintiff is also entitled to benefits under § 1132(a)(1)(B). Nothing in Varity Corp. or other cases cited by defendants appears to limit actions under § 1132(a)(3)(A) – as opposed to actions under § 1132(a)(3)(B) – to cases in which relief under § 1132(a)(1)(B) is unavailable. See Keir v. UnumProvident Corp., No. 02 CIV. 8781 (DLC), 2003 U.S. Dist. LEXIS 7020, at *1-*3 (S.D.N.Y. April 29, 2003) (recognizing that plaintiffs may bring action to enjoin acts and practices that violate ERISA pursuant to § 1132(a)(3)(A), and that such an action is different than a claim for benefits pursuant to § 1132(a)(1)(B)). Indeed, I see no reason why a plaintiff could not bring an action for benefits under § 1132(a)(1)(B) to redress past harm, and an action for an injunction under § 1132(a)(3)(A) to prevent future harm. Further, although defendants argue that plaintiff's request for injunctive relief seeks "sweeping judicial regulation" of Standard's claims review practices and that such regulation would be inappropriate (Defs.' Mem. in Supp. [R. 10] at 11-14), I decline to address the proper scope of any injunction to which plaintiffs may be entitled at the pleading stage.

10

vested in the trial court's sound discretion.  Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-65 (7th Cir. 1992).  Thus, absent a "strong reason for so doing," courts will generally "not tamper with pleadings."  Lipsky v. Commonw. United Corp., 551 F.2d 887, 893 (2d Cir. 1976).  In considering a motion to strike, I draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion.  Wailera Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553-54 (D. Haw. 1998).

In the present case, plaintiff makes various allegations concerning a Market Conduct Study and Settlement, which it acknowledges does not involve Standard.  However, plaintiff argues that the information pled and the related exhibits will assist me in understanding its claims.  I agree with defendants that the allegations and documents in question appear, at most, remotely related to plaintiff's claims against Standard, but I also do not believe that they are at all harmful to defendants.  Thus, I will deny defendants' motion to strike.

## V.  DETERMINATION OF STANDARD OF REVIEW

The Plan has brought a motion in limine asking me to determine the standard of review applicable to plaintiff's claim for benefits in count I.  It argues that the "arbitrary and capricious" standard is appropriate.  See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  Plaintiff asks me to defer determining the standard of review until she can engage in discovery concerning several issues that might affect such standard, including whether the Plan had a conflict of interest and whether it complied with various requirements of ERISA.  Alternatively, plaintiff argues that a de novo standard of review is appropriate.

11

The Plan does not explain why it seeks an immediate determination of the standard of review. Because the standard of review is an issue pertaining to the merits of plaintiff's benefits claim, I see no reason to resolve it at the pleading stage. Therefore, I will deny the Plan's motion in limine.

## VI. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendants' motion to dismiss Standard as a defendant in connection with plaintiff's claim in count I of the complaint is **GRANTED**;

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiff's claim in count II of the complaint is **DENIED**;

**IT IS FURTHER ORDERED** that defendants' motion to strike is **DENIED**; and

**FINALLY, IT IS ORDERED** that defendants' motion in limine is **DENIED**.

Dated at Milwaukee, Wisconsin this 21 day of June, 2005.

/s_____
LYNN ADELMAN
District Judge