# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIZABETH BLACK**
        Plaintiff,

v.                               Case No. 04C1230

**LONG TERM DISABILITY INSURANCE,**
        Defendant.

## DECISION AND ORDER

Plaintiff Elizabeth Black served as the Executive Director of Milwaukee World Festivals, Inc. ("MWF") until August 2003. Subsequently, she filed a claim for long-term disability benefits under a group long-term disability program ("Plan") established by MWF. The de facto administrator of the Plan, Standard Insurance Company ("Standard"), denied plaintiff's claim, and plaintiff appealed. Standard denied her appeal, and plaintiff then commenced the present action under the Employee Retirement Income Security Act ("ERISA"). In count I of her complaint, pursuant to 29 U.S.C. § 1132(a)(1)(B), plaintiff alleges that the plan wrongfully denied her application for benefits. On June 21, 2005, I declined the Plan's request that I determine the standard of review governing such denial because the Plan did not explain why I should do so. Black v. Long Term Disability Ins., 373 F. Supp. 2d 897, 904 (E.D. Wis. 2005). Now, the Plan asks me to decide the issue because the decision will determine whether plaintiff is entitled to discovery on her denial of benefits claim.

Under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), courts apply a de novo standard of review to a plan administrator's denial of benefits unless the

plan gives the administrator discretionary authority to determine eligibility, in which case courts employ the deferential arbitrary and capricious standard. And, under Perlman v. Swiss Bank Corp. Comprehensive Disability Prot., 195 F.3d 975, 982 (7th Cir. 1999), the scope of discovery depends on whether review is de novo or deferential. Thus, I agree with the Plan that I should determine the standard of review.

In determining the standard of review, I ask whether the entity that denied benefits to plaintiff, here Standard, was a fiduciary and, if so, whether the Plan granted it discretion to determine benefit eligibility. Ruiz v. Cont'l Cas. Co., 400 F.3d 986, 989 (7th Cir. 2005). The test of whether an entity is a fiduciary is a functional one; an entity is a fiduciary if it exercises control over a benefit in an ERISA plan, regardless of whether or not it is designated as a fiduciary. Id. at 990. Plaintiff does not dispute that Standard is a fiduciary but argues that I should review its denial of her application for benefits de novo because Standard "was not identified as a plan fiduciary in any relevant plan document." (Pl.'s Mem. in Opp'n to Def.s' Mot. in Limine for Determination of Standard of Judicial Review 10.) As is relevant here, 29 U.S.C. § 1102(a)(1) requires every employee benefit plan to establish one or more named fiduciaries, and § 1102(a)(2) defines a "named fiduciary" as "a fiduciary who is named in a plan instrument." Plaintiff does not dispute that Standard's group long-term disability policy is a plan instrument. Further, the policy provides that "we have full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy" (emphasis added) (Compl. Ex. A at 20), and defines "'we" as "Standard Insurance Company." (Id. at 3 (unnumbered).) Thus, a plan instrument names Standard as a fiduciary, and plaintiff's argument to the contrary fails.

As to whether the Plan granted Standard discretion such that I should review its denial of plaintiff's application for benefits deferentially, "there are no 'magic words' determining the scope of judicial review of decisions to deny benefits." Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000). "The critical question is whether the plan gives the employee adequate notice that the plan administrator is to make a judgment within the confines of pre-set standards, or if it has the latitude to shape the application, interpretation and content of the rules in each case." Diaz v. Prudential Life Ins. Co., 424 F.3d 635, 639-40 (7th Cir. 2005). In the present case, although the Plan does not use the word "discretion," it contains language sufficient to provide plaintiff with notice that Standard has the authority to shape the application, interpretation and content of the rules governing her entitlement to benefits.

First, the Plan states that Standard pays benefits only "after we receive proof of loss satisfactory to us." (Compl. Ex. A at 4.) Then, in the section entitled "Allocation of Authority," the Plan confers on Standard the "full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation and application of the Group Policy." (Id. at 20.) The Plan then defines Standard's authority in greater detail, stating that it:

    includes but is not limited to:

    1.    The right to resolve all matters when a review has been requested;

    2.    The right to establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;

    3.    The right to determine
        a.    Eligibility for insurance;

3

>     b.  Entitlement to benefits;
>     c.  The amount of benefits payable; and
>     d.  The sufficiency and the amount of information we may reasonably require to determine a., b., or c., above.
>
> Subject to the review procedures of the Group Policy, any decision we make in the exercise of our authority is conclusive and binding.

(Id. at 21.)

Thus, the foregoing language gives the Plan the authority to establish rules relating to the administration of the policy, the right to interpret the policy, the right to determine entitlement for benefits and the right to decide how much evidence an applicant for benefits must submit in order to receive benefits. The language is sufficiently broad to satisfy the requirement in Diaz that to qualify for deferential review, a Plan must put claimants on notice that the fiduciary has discretion to resolve all matters relating to applications for benefits. Therefore, I will review Standard's denial of plaintiff's application for benefits under the arbitrary and capricious standard of review.

When the standard of review is arbitrary and capricious, courts generally allow claimants little if any discovery. Perlman, 195 F.3d at 981-82. This is so because deferential review of an administrative decision means review on the administrative record. Id. Plaintiff alleges that Standard "is operating under an inherent conflict" of interest because it "is a publicly traded company," and that I should therefore permit it to engage in discovery with respect to Standard's alleged conflict. (Pl.'s Mem. in Opp'n to Def.s' Mot. in Limine for Determination of Standard of Judicial Review at 4.) The Seventh Circuit has held that a denial of benefits should be subjected to a more penetrating although still deferential review if a plaintiff presents some evidence that the Plan had a conflict of interest. Hess v. Reg-Ellen Mach. Tool Corp., 423 F.3d 653, 659 (7th Cir. 2005). Thus,

4

if a plaintiff presents some evidence suggesting a conflict, a court should allow limited discovery into whether the conflict had an impact in the plaintiff's case. In the present case, however, plaintiff's allegation of a conflict is very general, i.e., that Standard had an inherent conflict because it was a publicly traded company. The Seventh Circuit has put little stock in similar general claims of conflict. Id. at 658-59 (citing cases); see also Perlman, 195 F.3d at 981 (stating that "when the administrator is a large corporation, the firm has a financial interest, but the award in any one case will have only a trivial effect on its operating results"). In the present case, plaintiff's claim of conflict has less "teeth to it," Hess, 423 F.3d at 659, than is sufficient to justify my permitting plaintiff to engage in discovery on the issue. Therefore, I will deny plaintiff's request for discovery on count I of the complaint.

Therefore,

**IT IS ORDERED** that the Plan's denial of plaintiff's application for benefits will be reviewed under the arbitrary and capricious standard;

**IT IS FURTHER ORDERED** that defendant's request for a protective order precluding plaintiff from engaging in discovery as to count I of the complaint is **GRANTED**.

Dated at Milwaukee, Wisconsin this 13day of January, 2006.

/s_____
LYNN ADELMAN
District Judge